[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The couple was married in Salem, Connecticut on August 10, 1984. It is the second marriage for each. There are no minor children born to this marriage. The husband is 50 years old; the wife is 43. He has an eleventh grade education. The wife is a high school graduate.
The husband presently operates Bob's Septic Tank Cleaning. He not only does such cleaning but also does excavation work with machinery owned by the business. She currently works as a receptionist and bookkeeper. The husband also derives rental income from property owned prior to the marriage as well as management income from property owned by his father.
The couple met in Montville in 1979. Each had two children, and the wife received support for one until her divorce in 1981. The husband's children lived separately. In 1981 the wife started working in the husband's business and a relationship developed. The plaintiff moved into the house CT Page 3928 owned by the defendant in 1981 and lived with her for one year. In October, 1982, the couple, with his daughter, and her two children moved into a dwelling owned by the plaintiff's father known as "Mohegan Hill." The wife continued to work for the plaintiff's business and also assisted in refurbishing the home and collecting rents from property managed by the plaintiff.
When the couple married, she was receiving $120.00 per week child support. She continued to work in the business after marriage but stopped collecting rents in 1986. She left her employment in March, 1988.
While the couple was married, their living together was never a continuous matter. According to the husband they never lived together more than three months at a time. In February, 1985, the defendant moved out of the Mohegan Hill property and lived with a Mr. Malavenda, whom she had known prior to the marriage. In October, 1985, the plaintiff moved out as a result over a dispute about the defendant seeing a Mr. DePerry socially. He lived with an aunt until December, 1985. In 1986 the plaintiff continued to complain about his wife being out all night at various times. This led to another dispute, the defendant obtained a restraining order and the plaintiff moved back in with his aunt. The defendant thereupon returned to Mr. Malavenda. After a few months the couple reunited. In October, 1986, the defendant went off to Vermont for a weekend with an Officer Cooney of the Montville Police, which led to a confrontation by the officer's wife at Mohegan Hill. In November, 1986, the defendant obtained another restraining order and the plaintiff returned to his aunt.
In 1987 the couple got back together, but the plaintiff continued to complain about his wife seeing other men socially and not coming home at night. In October the plaintiff's father gave the couple a parcel of land on Peter Avenue in Montville for the construction of a single family dwelling. A modular home was delivered to the site in March of 1988 and was completed in August, 1988. Meanwhile, the defendant vacated the Church Lane property, took the household furniture with her and moved in with a Mr. Robert Parsons in Ledyard where she remained until the house was completed, at which time she moved back in and completed the decorating. In October, 1988, the plaintiff hired a private investigator. In November the defendant left for Florida for her brother's wedding and the plaintiff commenced these proceedings. The defendant continues to reside at Peter Avenue.
The Court finds that the above recitation clearly establishes an irretrievable breakdown of the marriage and CT Page 3929 that there is no hope of reconciliation, and a decree of dissolution on such ground may enter.
At issues are claims for alimony and a property settlement, and the Court has carefully reviewed the statutes pertinent thereto.
In reviewing the criteria set forth therein, the Court notes that the plaintiff is 50 years old, in good health and works hard at his dual occupations of running his septic tank cleaning business and managing his own real property as well as that of his father.
The wife is 43 years of age. She attended both high school and technical school. She worked as a graphic artist for four years at the Norwich Bulletin before being married the first time. She had two children, both now adults, and divorced in 1981. When she met the plaintiff, she was working as a receptionist at Columbia Air Services, where she also did some bookkeeping. She received $20,000.00 in cash as a property settlement from her divorce. Although she complained of both physical and psychological ailments, none was substantiated and she appears to be in good health. A firm relationship with Mr. Parsons appears to be likely.
As to the causes of the breakdown, the Court notes that the chief complaint of the plaintiff is the perceived lack of faithfulness on the part of the wife, which the Court finds was amply warranted, since she engaged in at least one adulterous relationship during the marriage. Conversely, the wife claims the husband has a drinking problem and that he engaged in a homosexual act, neither of which was substantiated.
The plaintiff has title to the following described real estate:
(a) 27 Peter Avenue, Uncasville, Connecticut — A single family dwelling, owned jointly with the defendant;
(b) 140 Maple Avenue, Uncasville, Connecticut — A lot with a mobile home, rental property;
(c) 148 Lake Drive East, Montville, Connecticut — A lot with a single family dwelling, rental property;
(d) Gardner Lake Heights Road, Salem, Connecticut — A lot with a mobile home, rental property. The Court finds the fair market value of such real estate to be as follows: CT Page 3930
 (a) 27 Peter Avenue $100,000.00 (b) 140 Maple Avenue $ 42,000.00 (c) 148 Lake Drive East $ 45,000.00 (d) Gardner Lake Heights Road $ 50,000.00
The plaintiff also owns the business known as Bob's Septic Tank Service which has a number of trucks of various ages, as well as pieces of construction equipment, e.g. backhoes and bulldozers.
He also has an investment in an oil and gas limited partnership of questionable value.
The fair market value of the septic service business was considered. The business has some negative future problems, including the fact that the extension of municipal sewer lines limits the growth potential of the business. It is noted that a major source of revenue in 1989, the most profitable year in the recent past, was from hooking up lines to municipal sewer systems. Further, environmental controls in such activity will increase the cost thereof. The Court finds that the business for sale purposes, exclusive of equipment and debts, would have a fair market value of $25,000.00 but only if the plaintiff were bound by a five year non-competition covenant.
The latest balance sheet for the business (December 31, 1989) shows the fixed assets, land and equipment to have a value of $41,518.00. Liabilities, including notes payable both current and long term to be $83,690.00.
His latest net weekly draw from the business is $570.11. He also has a gross rental income from the premises listed supra (except Peter Avenue) of $825.00. His total income from all sources was $44,886.00 in 1987; $37,077.00 in 1988 and $41,198.00 in 1989. Fluctuations in income are based upon certain accounting factors. The plaintiff also received income for managing the property of his father Adolph Milefski. Income from the last source also fluctuates because the property is managed on a cash basis.
The total value of real estate standing in the name of the plaintiff (including a one-half interest in 27 Peter Avenue which is subject to a $49,000.00 mortgage) is $187,000.00, less attributable mortgage debt of $44,500.00, for a net value of $142,500.00.
It should be noted that the defendant argues that certain property of the plaintiff's father, Adolph Milefski, CT Page 3931 should be included in the holdings of the plaintiff because of the disproportionate share of rental income accruing to the plaintiff. The father testified that property of Adolph Milefski at 1795 Route 32 in Montville (also known as Church Lane, in part, and Mohegan Hill) as well as 1787 and 1783 Route 85 in Montville (also known as the Chesterfield property) stand in the name of Adolph Milefski and that there has been no transfer thereof by either the act of the said Adolph Milefski nor by operations of law.
The premises known as Peter Avenue were acquired by gift from Adolph Milefski. The plaintiff did the excavation and foundation work and purchased a modular home for $54,000.00. Other building services — e.g., plumbing, electrical, etc. — were paid by the plaintiff. The defendant assisted with the decorating.
The defendant, who had received a lump sum settlement from the previous marriage, invested $10,000.00 of such funds in the aforementioned gas and oil limited partnership.
During the course of the marriage she assisted in rent collections while the couple were residing at Mohegan Hill, where they lived rent free. When she worked in the office for the plaintiff, she drew $150.00 for household expenses. Her duties there consisted of bookkeeping and routing of service calls. As noted, she presently has a net weekly income of $182.00 for a part time job. The plaintiff argues that she is capable of a higher income because of her skills — e.g., graphic arts, office work — and that such factor should be considered in limiting any alimony. The Court finds no evidence to support any finding that the defendant possesses any particular skills above that of performing routine office work. Her contribution to the marital income was limited to such work, and accordingly, was of no significance in acquiring marital assets. There is no such evidence to support the plaintiff's claim. See Schmidt v. Schmidt, 180 Conn. 184-190.
Having carefully reviewed all of the criteria to be considered in the statutes relating to alimony and property settlement (see sections 46b-81 and 46b-82, Connecticut General Statutes) the Court enters the following orders:
(1) The plaintiff shall pay to the defendant as alimony the sum of $75.00 per week for a period of fifty-two weeks, non-modifiable as to term and amount.
(2) By way of property settlement, the plaintiff CT Page 3932 shall pay the defendant the sum of $15,000.00 in manner and form as follows and subject to the conditions hereinafter set forth: (a) The defendant shall, within thirty days hereof, execute and deliver to the plaintiff a quitclaim deed of all her right, title and interest in the premises known as 27 Peter Avenue, Montville, Connecticut.
 (b) At the time of such execution and delivery, the plaintiff shall execute and deliver to the defendant a promissory note and mortgage deed in the amount of $15,000.00, without interest, of which $5,000.00 shall be payable sixty (60) days from the date of judgment. The balance shall be due and payable one year from date of judgment, provided that if any tax liability is imposed because of the transfer of the property, the defendant shall be responsible for one-half of such assessment. The balance thereof, after deduction of such liability, shall be paid to the defendant thereafter.
(3) The defendant shall be entitled to the furniture at 27 Peter Avenue, except for the personal belongings of the plaintiff. The defendant shall vacate said premises no later than sixty days from the date of judgment. The plaintiff shall continue to be responsible for the expenses on the premises of mortgage, taxes, sewer and premises insurance, but not utilities. The defendant shall leave such premises in good condition.
(4) Each party may retain the motor vehicles shown on their respective affidavits and shall be responsible for the debts shown on their respective affidavits.
(5) No attorney's fees are awarded to either party. The Court notes the award of allowance to defend pendente lite.
(6) Any balance of any pendente lite obligation shall be an obligation under this judgment.
BURNS, J. CT Page 3933